---

### ROCKEY v. FIREMEN'S INS. CO. OF NEWARK.

(Supreme Court, Appellate Division, First Department. May 8, 1903.)

1. INSURANCE—LOSS—EVIDENCE.
     Plaintiff is not concluded by his written statement made to defendant after the fire as to the articles on the floor covered by defendant's policy; he testifying that, when his attention was more particularly called to it, he remembered seeing other articles there.

2. SAME.
     Plaintiff cannot recover insurance on the basis of a loss of $2,000, the actual values of the articles, taking his highest figures, aggregating only $1,400, though he placed the cost price at over $2,000, and another stated he considered the value of the goods as all of $2,000; the facts on which this conclusion was based not being set forth, other than that he said he had known of the goods before they were placed in storage.

Appeal from Trial Term, New York County.

Action by Walter S. Rockey against the Firemen's Insurance Company of Newark. From a judgment on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Modified.

The action was brought to recover for loss by fire of plaintiff's drug-store fixtures, which he had stored at No. 154 Bank street, and which were totally destroyed by fire of January 1, 1892. The goods were insured in four differ-ent companies to the extent of $500 in each. The defendant's policy of in-surance provided that this amount should be paid for loss of furniture and fixtures of the plaintiff "while stored on the grade floor of * * * No. 154 Bank street." During the negotiations for settlement, this clause was ap-parently lost sight of, and the plaintiff expected to receive and the defendant to pay for loss on all the goods stored in the building, the value of which was considerably above $2,000. An offer of settlement was made of $1,500, and rejected. During these negotiations the defendant requested the plaintiff to give a written statement of the articles on the grade floor, with the result that Mr. Fischer, the owner of the storage place, signed for the plaintiff a letter, dated February 4, 1902, duly sworn to, stating: "The following goods or fixtures were on the ground floor January 1st, 1902, just before the fire. One large ice box, one large cigar case round corner in shape of an L. All other goods or fixtures were upstairs." Upon the trial the plaintiff testified that he had written this letter for Mr. Fischer to sign, and at the time thought it was true, but he remembered since seeing part of the onyx of the soda-water fountain lying around the ground floor after the fire. His testimony is: "I saw pieces of onyx lying around that belonged to the soda-water fountain; also a refrigerator—part of the refrigerator and part of the L-shaped cigar case. The cost value of the soda fountain was $1,800—a trifle more. * * * It being secondhand, it was in the neighborhood— Well, I should judge, $1,000—$900, say. It was about a year and a half old. I saw part of the soda-water fountain on the grade floor, lying all over. I did not

---

¶ 1. See Insurance, vol. 28, Cent. Dig. § 1359.

see any part, except on the grade floor. It was worthless. * * * The re-
frigerator was worth before the fire $150. The cigar case was worth in the
neighborhood of $200; * * * between $200 and $250. The actual cost of
the cigar case was about $600." He further testified that the condition of the
ceiling above the grade floor was such that nothing could have fallen through,
as it was intact, and he walked over it. The fire insurance broker employed
by plaintiff testified that he examined the premises after the loss, and was
pointed out the show case, part of the soda fountain, and some other fixtures
—he could not tell what; that "they looked like fixtures on the ground
floor. * * * We walked around, and Mr. Rockey showed * * * five
or six parts of fixtures, parts of the soda-water fountain, and a few things
downstairs, and a lot of marble for the soda fountain on the ground floor.
That is all we saw on the grade floor. I should think there was every
bit of $2,000 worth on the ground floor." For the defendant, an appraiser
testified that there were two show cases on the ground floor, and that the
soda-water fountain was in between the second and third floors, and had
fallen down from the fourth floor. The court said: "I am going to charge
this jury that they are entitled to one-quarter of the loss. * * * It will
go to the jury on the single question of fact as to the value of the goods
on the ground floor." The jury returned a verdict for $500, with interest,
and from the judgment so entered the defendant appeals.

Argued before VAN BRUNT, P. J., and McLAUGHLIN,
O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

William D. Murray, for appellant.
Frederick H. Kellogg, for respondent.

O'BRIEN, J. We agree with the view expressed by the learned
trial judge—that the written statement naming the goods on the
grade floor as show cases and refrigerator is not conclusive upon the
plaintiff, for he testified that, when his attention was more partic-
ularly directed to the subject, he remembered seeing there parts of
the soda-water fountain, and that the ceiling was intact, so that the
fountain could not have fallen through. His testimony as to the
fountain being on the ground floor was corroborated by others, and,
although the defendant's evidence is to the effect that it was between
the second and third floors, this but presented a question of fact for
the jury. As to the value of the goods on the ground floor, includ-
ing the fountain, the actual values named by the plaintiff, taking the
highest figures given by him, aggregate $1,400—the fountain being
put at $1,000, the refrigerator at $150, and the cigar case $250; and,
although the cost price he places at over $2,000, his testimony giving
the actual value at the time of the fire of the goods on the ground
floor which were destroyed is controlling upon the amount to be
recovered. For one-fourth of that sum the defendant would, under
the charge of the court, be liable, which would warrant a verdict for
no more than $350, instead of $500. We have not overlooked the
insurance broker's statement that he considered the value of the goods
on the grade floor as all of $2,000, but the facts upon which this con-
clusion was based are not set forth, beyond his testimony that he
had known of the plaintiff's goods before they were placed in storage;
nor does it appear whether by this sum he meant the cost or the
actual value.

We think, therefore, that, if the plaintiff will stipulate to reduce the
judgment as entered to the sum of $486.49, the judgment, as so modi-

fied, and the order appealed from, should be affirmed, without costs, and, if not, that the judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.